UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLETTE L. LOPEZ,

       Plaintiff,

vs.                                            Case No.  8:11-cv-1379-T-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

       Defendant.
_____/

### MEMORANDUM OPINION AND ORDER[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") on March 13, 2007, alleging an inability to work since August 7, 2007.  (Tr. 103-105).  The Social Security Administration ("SSA") denied the initial application on April 9, 2008.  (Tr. 63).  Plaintiff's request for reconsideration was denied on September 24, 2008. (Tr.68-71).  On October 22, 2008, Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ") and her case was heard on February 10, 2010.  (Tr. 72, 83, 31-60).  On March 2, 2010, the ALJ issued a decision finding Plaintiff not disabled.  (Tr.15-17).  Plaintiff requested

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 11).

1

review by the Appeals Council (the "AC"), which was denied on May 20, 2011 (Tr. 1-3). Accordingly, the ALJ's March 2, 2010 decision is the final decision of the Commissioner. The Plaintiff timely filed her Complaint in the United States District Court on June 11, 2011. (Doc. 1).

## II.     NATURE OF DISABILITY CLAIM

### A.     Basis of Claimed Disability

Plaintiff claims to be disabled since August 7, 2007 (Tr. 105-06, 150) due to post bilateral knee replacements with chronic pain and limited range of motion, lumbar strain, bilateral tarsal tunnel syndrome, hypertension, hypothyroidism, gastroesophageal reflux disease (GERD), history of hernia, and obesity. (Doc. 21, p. 2).

### B.     Summary of Evidence Before the ALJ

Plaintiff was born on July 15, 1962, and was forty-seven years of age on the date the ALJ's decision was issued. (Tr. 27, 15).  She had a highschool education and past relevant work experience as a machine operator and electronics assembler. (Tr. 40-41, 151, 158). The following provides a brief summary of Plaintiff's medical history.

Plaintiff was involved in a motor vehicle accident on October 21, 1997 and has complained of pain in her back and lower extremities since about that time. (Tr. 197). Plaintiff reported hitting her knees against the dash board while exiting her car after the accident, but that incident did not give rise to her subsequent knee pain. (Tr. 198). Plaintiff's knee difficulties resulted from a slip and fall accident on September 17, 2001. Id. After that accident, Plaintiff began receiving treatment from Dr. James Shortt, an orthopedic surgeon, who recommended a bilateral arthroscopic knee surgery or a total bilateral knee

2

replacement. (Tr. 198). Plaintiff received total bilateral knee replacement in 2005.

On December 13, 2007, Plaintiff saw Dr. Shortt regarding bilateral knee pain which began about two months prior to the appointment. Plaintiff also reported problems with her pain medication, Naproxen. (Tr. 320). This was Plaintiff's first appointment with Dr. Shortt since December 8, 2006. An examination of Plaintiff's knees showed a range of motion from 5 degrees of extension to 75 degrees of flexion in her left knee and from 0 degrees of extension to 90 degrees in the right knee. Both knees exhibited sensitivity to palpitation, but showed no swelling, effusion, discoloring, ligamentous activity, or joint instability. Id. Dr. Shortt provided Plaintiff with a prescription for Diclofenac and Hydrocodone to replace her Naproxen. Id. Plaintiff declined physical therapy to improve her range of motion and knee strength. Id. Dr. Shortt also provided Plaintiff with a note indicating that she required a sedentary job with limited standing or walking. (Tr. 321-322).

On January 22, 2008, Plaintiff reported experiencing immediate pain in her feet caused by the Diclofenac, which Dr. Shortt was not familiar with. (Tr. 318). Dr. Shortt prescribed Celebrex in place of Diclofenac. Id. Examination of the left knee showed no changes in motion. Id. Examination of the right knee showed a range of motion from 0 to 80 degrees with anterior tenderness. Id. Dr. Shortt ordered x-rays and an opinion dated January 29, 2008 stated the x-rays revealed no significant change since the 2005 surgery, except for some resorption of both tibial trays and the left femoral condyle. (Tr. 317-318). Dr. Shortt stated Plaintiff should continue managing her pain with Celebrex and return for further examinations as needed. (Tr. 317).

On April 8, 2008, a state agency medical expert administered a Residual Functional Capacity ("RFC") review in response to Plaintiff's application for disability benefits. (Tr. 248-

255). The review found Plaintiff was able to sit for six hours in a normal eight hour work day, stand or walk for two hours in a normal eight hour work day, and lift ten pounds frequently. (Tr. 249). It also found Plaintiff was able to balance stoop, kneel, crouch, and crawl frequently. (Tr. 250). Further, it found Plaintiff was able to climb stairs, ramps, and ladders occasionally. Id.

On September 19, 2008, another state agency medical expert completed a second RFC review. (Tr. 266-272). This review agreed with the findings of the April 8 review discussed above with a few exceptions. These exceptions found that Plaintiff could only occasionally kneel, crouch, or crawl and never climb ladders. (Tr. 268).

On October 16, 2008, Plaintiff returned to Dr. Shortt's office for an examination due to ongoing pain in her knees. (Tr. 118, 350-351). Examination showed a range of motion from 0 to 65 degrees in her left knee and 0 to 80 degrees in her right knee. Id. Dr. Shortt ordered x-rays taken to compare to those taken during her previous appointments. The x-rays did not show significant changes and Dr. Shortt advised continuing treatment with analgesics and anti-inflammatory medications. (Tr. 327). Dr. Shortt stated that Plaintiff's knee difficulties prevented her from maintaining employment positions involving standing and walking, squatting, kneeling, use of stairs, or use of ladders. (Tr. 118, 350-351). Dr. Shortt also stated Plaintiff's back pain arose from a herniated spinal disc, which prevented her from maintaining a sedentary employment position. Id. Plaintiff testified this was her last appointment with Dr. Shortt prior to her appearance before the ALJ. (Tr. 27). Plaintiff's treatment from Dr. Shortt was discontinued on October 12, 2009 due to the expiration of her insurance policy. (Tr. 315). Thereafter, Plaintiff continued to receive treatment from Southeast Family Healthcare. (Tr. 329-348).

On March 21, 2009, Plaintiff was admitted to the emergency division of the Manatee Memorial Hospital. (Tr. 294). She was evaluated by Dr. Mitchell Hall for gastroesophageal reflux disease (GERD), transient hypertension, vertigo, and chest pain. Plaintiff was advised to avoid strenuous activity for two days, continue her medications, and follow up with her physician after two days as needed. Id.

On June 15, 2010, after Plaintiff's hearing before the ALJ, Dr. Shortt completed an RFC questionnaire. The questionnaire stated that Plaintiff suffered from bilateral knee osteoarthritis and a herniated disc in her back. (Tr. 354). It also stated Plaintiff's osteoarthritis limited Plaintiff's range of motion in her knees to between 0 and 65 degrees in her left knee and 0 to 80 degrees in her right knee. (Tr. 355). Further, it provided that Plaintiff was able to sit for only two hours in a normal eight hour work day, stand for less than two hours in a normal eight hour work day, and lift ten pounds only occasionally. (Tr. 357). The questionnaire also provided that Plaintiff would likely miss more than three days of work per month due to her symptoms. (Tr. 359). The document indicated it was describing Plaintiff's heath for the period beginning August 6, 2007. (Tr. 360).

    **C.**    **Summary of the ALJ's Decision**

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ must follow a five step sequential evaluation for determining whether a claimant applying for benefits is disabled. 20 C.F.R. § 404.1520(a). First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a

claimant does not have any impairment or combination of impairments which significantly limit her ability to do basic work activities, she is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. §§ 404.1520(g), 1560(c). The plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287 (1987).

  In the instant case, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012. (Tr. 20). At the first step, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date, August 7, 2007. Id. At steps two and three, the ALJ found Plaintiff's pain and limitation in range of motion of both knees, hypertension, hypothyroidism, lumbar strain, history of hernia, obesity, bilateral tunnel syndrom, and gastroephageal reflux disease constituted severe impairments which limited Plaintiff's ability to perform basic work activities. Id. However, the ALJ found Plaintiff's impairments did not meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id.

  The ALJ found that Plaintiff retained sufficient residual functional capacity to perform sedentary work. (Tr. 22). Specifically, the ALJ found:

> the claimant can lift and carry 10 pounds occasionally and five pounds frequently; the claimant can sit for six hours in an eight hour work day and stand and walk for two hours in a[n] eight hour work

> day; the claimant is never able to climb ladders, scaffolds, or ropes but can occasionally climb stairs and ramps; the claimant can frequently balance and stoop; she can occasionally crouch, kneel or crawl and should avoid work around dangerous moving machinery, unprotected heights and in concentrations of cold or vibrations.

Id. At step 4, based on the testimony of an impartial vocational expert (the "VE"), the ALJ found Plaintiff was able to perform her past relevant work as an electronics assembler. (Tr. 26, 53-57). Consequently, the ALJ found Plaintiff was not disabled. Id.

## III.   ANALYSIS

### A.   The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002); Lewis v. Callahan, 125 F.3d 1436, 1439 (1997). Substantial evidence is more than a scintilla but less than a preponderance, Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005), and includes relevant evidence which a reasonable person would accept as adequate to support the conclusion. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). The district court will affirm a decision by the Commissioner supported by substantial evidence even if the court finds the evidence preponderates against the decision and even if the court would have reached a different conclusion as finder of fact. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995).

### B.     Issues on Appeal

Plaintiff argues one issue on appeal. (Doc 21, p. 5). Plaintiff argues the final decision of the Commissioner, as represented by the decision of the ALJ, failed to consider and accord proper weight to the opinion of Dr. James Shortt, Plaintiff's treating physician. (Doc. 21, p. 7). Plaintiff asserts the ALJ failed to give Dr. Shortt's medical opinion the weight generally accorded to a treating physician and articulate her reasons for doing so. (Doc. 21, p. 6). Plaintiff directs the Court to two documents, an opinion dated October 16, 2008 and an RFC review dated June 15, 2010 in support of these claims. (Doc 21, p. 7). Plaintiff argues the ALJ's decision is contrary to the medical findings in these documents, and that the ALJ interjected her own opinion over that of Dr. Shortt in rendering her decision. (Doc. 21, p. 7). The Commissioner responds by arguing the ALJ appropriately discounted these two documents because they expressed opinions which are: unsupported by objective medical evidence, inconsistent with Dr. Shortt's previous findings, and inconsistent with the record as a whole. (Doc. 23, pp. 6-11). The Court will consider both of these documents and whether they indicate a failure of the ALJ to give appropriate weight to Dr. Shortt's medical opinion.

### 1.     The opinion dated October 16, 2008

Plaintiff argues the ALJ failed to consider and accord proper weight to Dr. Shortt's opinion dated October 16, 2008. (Doc. 21, p. 7). The opinion provides, in relevant part, that Plaintiff is unable to maintain a sedentary employment position due to a herniated spinal disc. (Tr. 118, 350-351). Dr. Shortt is considered a treating source pursuant to 20 C.F.R. § 404.1502 as he treated Plaintiff on numerous occasions from 2001 to 2009. (Tr. 315). This Court has reviewed the medical evidence of record, analyzed the ALJ's treatment of the

opinion dated October 16, 2008, and concludes the ALJ did not commit reversible error in her treatment of the opinion.

Generally, the ALJ should give more weight to the opinion of a treating source than the opinion of a non-treating source. 20 C.F.R. § 404.1527(c)(2). Indeed, a treating source's opinion merits controlling weight when it is supported by medically acceptable clinical or laboratory diagnostic techniques and it is not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(c)(2). When a treating source's medical opinion is not granted controlling or substantial weight, the ALJ must clearly articulate good cause for discounting it. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when 1) the opinion is not bolstered by the evidence, 2) the evidence supports a contrary finding, or 3) the treating source's opinion is conclusory or inconsistent with the source's own medical records. Id. When a treating source's opinion is discounted, the ALJ must still give it appropriate weight considering the length and frequency of treatment, the nature and extent of treatment, the medical evidence supporting the opinion, consistency with the record as a whole, the source's specialization in relevant medical issues, and any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2-6).

This Court finds the ALJ did not fail to consider Dr. Shortt's opinion dated October 16, 2008. This conclusion is well supported by portions of the ALJ's decision which refer to medical findings contained in the document. In particular, the ALJ noted that Dr. Shortt examined Plaintiff's knees on October 16, 2008 and concluded from the exam that Plaintiff's knee impairments prevented her from doing any job involving standing, walking, squatting, use of stairs, or use of ladders. (Tr. 24). Dr. Shortt's opinion also alluded to a herniated

disc which made it painful for the Plaintiff to sit for prolonged periods of time. (Tr. 118, 350-351). Dr. Shortt concluded this impairment prevented the Plaintiff from maintaining a sedentary employment position. Id. These statements were also noted in the ALJ's decision. (Tr. 25). Accordingly, this Court finds the ALJ did not fail to consider Dr. Shortt's opinion dated October 16, 2008 in rendering her decision.

This Court also finds the ALJ did not commit reversible error in failing to identify the weight given to Dr. Shortt's opinion dated October 16, 2008. Admittedly, while the decision indicates the ALJ did not give substantial weight to the RFC reviews completed by state agency medical experts, it does not include a statement explicitly indicating the weight given to Dr. Shortt's medical opinion. (Tr. 26). However, the absence of such an explicit statement does not constitute a reversible error when a reviewing court is able to conduct a limited and meaningful review based on the information contained in the ALJ's report. See Burgin v. Commissioner of Social Sec., 420 F. App'x. 901, 903 n.2 (11th Cir. 2011). In the instant case, the reasons provided by the ALJ for discounting Dr. Shortt's opinion allow this Court to determine whether the opinion was given appropriate weight. Accordingly, this Court finds the ALJ did not commit reversible error in failing to explicitly state the weight given to Dr. Shortt's medical opinion.

As indicated above, the Court finds the ALJ did not fail to articulate her reasons for discounting Dr. Shortt's opinion dated October 16, 2008. To the contrary, the ALJ provided numerous reasons for discounting Dr. Shortt's opinion which demonstrate good cause for doing so. For example, the ALJ noted that Dr. Shortt only treated Plaintiff's knees and did not treat Plaintiff's back impairments. (Tr. 25). As such, the ALJ did not credit Dr. Shortt's

opinion that Plaintiff was unable to perform sedentary work due to her back impairment. Additionally, the ALJ noted Dr. Shortt's findings regarding Plaintiff's herniated disc were unconfirmed by radiographic studies of her spine. (Tr. 26). The ALJ also observed that Plaintiff's work history extended through most of 2007, despite her knee replacements in 2005, and ended only because Plaintiff was terminated from her employment position. Id. The ALJ found no reports from Southeast Family Healthcare indicating motor abnormalities, sensory abnormalities, reflex abnormalities, nor any other suggestion that Plaintiff was unable to perform sedentary work. Id. Finally, the ALJ suggested the routine nature of Plaintiff's visits to Southeast Family Healthcare and the conservative treatment she received undermined the alleged severity of her impairments found by Dr. Shortt. Id. All of these reasons provided by the ALJ suggest that Dr. Shortt's opinion dated October 16, 2008 was not bolstered by the evidence. Accordingly, the Court finds the ALJ articulated her reasons for discounting Dr. Shortt's opinion and did not err in refusing to give the document controlling or substantial weight.

  This Court finds the ALJ gave proper weight to Dr. Shortt's opinion dated October 16, 2008 considering the criteria provided in 20 C.F.R. § 404.1527(c)(2-6). The record shows that Dr. Shortt's opinion should be given some weight due to the length and frequency of treatment and his training as an orthopedic surgeon. 20 C.F.R. §§ 404.1527(c)(2)(i), (c)(5). However, the fact that Dr. Shortt did not treat Plaintiff's back impairments supports the ALJ's decision to discredit Dr. Shortt's opinion that Plaintiff could not perform sedentary work due to her back pain. Id.; § 404.1527(c)(2)(ii). Deference to Dr. Shortt's opinion is further undermined by the absence of objective clinical or laboratory diagnostic support for his

11

conclusions or supporting evidence from Southeast Family Healthcare. Id.; § 404.1527(c)(3). The inconsistency of the October 16, 2008 opinion with another opinion dated December 13, 2007 and two RFC's conducted by state agency medical experts, also undermines giving great weight to the document. Id.; § 404.1527(c)(4). Further, it is worth noting that Dr. Shortt's discussion of Plaintiff's back impairments and her resulting inability to perform sedentary work is confined to two sentences in the document. The brevity of that discussion makes it appear unduly conclusory given the lack of support from the rest of the record and its inconsistency with other evidence. Id.; § 404.1527(c)(6). Accordingly, the undersigned finds the ALJ gave appropriate weight to Dr. Shortt's opinion dated October 16, 2008.

## 2.     The RFC questionnaire dated June 15, 2010

Plaintiff also argues the ALJ failed to properly consider an RFC questionnaire completed by Dr. Short on June 15, 2010. (Doc. 21, p. 7). The questionnaire provided, in relevant part, that Plaintiff was able to sit continuously for only one hour, stand continuously for only thirty minutes, and lift ten pounds only occasionally. (Tr. 353-360). The document further stated Plaintiff was likely to miss work more than three times each month due to her impairments. Id. As the Commissioner correctly noted, the RFC questionnaire dated June 15, 2010 was unavailable to the ALJ when she prepared her decision. Rather, it was first submitted to the AC. When new evidence is properly submitted to the AC, a reviewing court must consider whether that new evidence renders the Commissioner's decision erroneous. Ingram v. Commissioner of Social Sec. Amin., 496 F.3d 1253, 1262 (11th Cir. 2007).

Generally, a claimant may present new evidence at any step of the administrative process. 20 C.F.R. § 404.900(b); Ingram, 496 F.3d at 1261. The AC must consider new, material, and chronologically relevant evidence and review the case if the decision of the ALJ is contrary to the weight of evidence currently of record. 20 C.F.R. § 404.970(b). New evidence is material and warrants remand if there is a reasonable possibility that it would change the administrative outcome. Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987). The AC may deny review if the new evidence does not render the decision of the ALJ erroneous. Coleman ex rel. J.K.C. v. Comm, 454 F. App'x. 751, 754 (11th Cir. 2011).

The undersigned finds the June 15, 2010 questionnaire does not render the ALJ's decision erroneous. The questionnaire suffers from the same deficiencies provided by the ALJ in her discussion of the opinion dated October 16, 2008. As discussed above, the questionnaire contradicts substantial record evidence in finding Plaintiff unable to perform sedentary work due to her back impairments. Again, Dr. Shortt did not treat Plaintiff for back problems and the opinion that Plaintiff's back prevented her from sitting for longer than one hour remains unconfirmed by recognized clinical or laboratory diagnostic techniques. As the Commissioner notes, the only objective medical findings provided in the document pertain to Plaintiff's pain and decreased range of motion in her knees. This reflects the fact that Dr. Shortt only treated Plaintiff's knee impairments and did not treat Plaintiff's back impairments. Furthermore, Plaintiff's subsequent treatment at Southeast Family Healthcare indicates that Plaintiff's ailments were not severe enough to merit treatment by a specialist or any treatment beyond the routine prescription of pain medication. (Tr. 329-348). These shortcomings allow the Commissioner to withhold deference to Dr. Shortt's medical opinion notwithstanding the length and frequency of his treatment of the Plaintiff and his training as an orthopedic surgeon. 20 C.F.R. § 404.1527(c)(2-6).

Moreover, there is substantial evidence supporting the final decision of the Commissioner. In particular, Dr. Shortt's opinion and letter dated December 13, 2007 suggest Plaintiff was able to maintain a sedentary employment position about four months after Plaintiff's alleged onset date. (Tr. 320-322, 360). The Commissioner's decision is also supported by the two RFC reviews conducted by state agency medical experts. Both of these reviews found that Plaintiff retained a functional capacity which an impartial VE testified was sufficient to perform her past relevant work as an electronics assembler. (Tr. 53-55, 248-255, 266-273).

In sum, the RFC questionnaire completed by Dr. Shortt on June 15, 2010 conflicts with substantial evidence of record and provides little if any support for its contrary conclusion. Because of this inconsistency, the Commissioner did not err in refusing to give the document controlling or substantial weight. 20 C.F.R. § 404.1527(c)(2). Further, the Commissioner accorded sufficient weight to Dr. Shortt's medical opinion given the nature and extent of Dr. Shortt's medical relationship with the Plaintiff, the lack of objective clinical or laboratory diagnostic evidence supporting his conclusion, and the conclusion's inconsistency with the weight of the evidence of record. Id.; § 404.1527(c)(2-6).

**IV.    CONCLUSION**

For the forgoing reasons, the Commissioner's decision is hereby **AFFIRMED**. The clerk is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this __17th__ day of June, 2012.

Copies to:
Counsel of Record

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE